The document below is hereby signed.

Signed: August 13, 2015



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CAMILLE D. HOWE, | ) | Case No. 15-00344 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

MEMORANDUM DECISION IMPOSING
SANCTIONS AGAINST THE DEBTOR'S ATTORNEY

This addresses the unopposed *Trustee's Motion to Review and Disgorge Attorney's Fees or Alternatively to Impose Sanctions* (Dkt. No. 46).

I

The debtor was not eligible to file this case because the debtor had not obtained prepetition counseling from a credit counseling agency approved by the United States trustee as required by 11 U.S.C. § 109(h). On Exhibit D to the petition, the debtor represented that:

> Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.

This **factual** certification was not true: the entity from which the debtor obtained counseling was *not* a credit counseling agency approved by the United States Trustee.  As this court's website notes, a list of credit counseling agencies approved by the United States Trustee is posted on the website of the United States Trustee.  The failure to examine the United States Trustee's website to determine whether the entity from which the debtor obtained counseling was a credit counseling agency approved by the United States Trustee necessarily means there was not an inquiry that was reasonable under the circumstances regarding whether the debtor had obtained counseling from an agency approved by the United States Trustee.

II

In light of the foregoing, the filing of Exhibit D violated Fed. R. Bankr. P. 9011(b)(3) because the factual representation on Exhibit D that the debtor received a briefing from a credit counseling agency approved by the United States Trustee did not constitute a certification, under Rule 9011(b):

> that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances** . . . (3) **the** allegations and other **factual contentions** [on Exhibit D] **have evidentiary support** or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

[Emphasis added.]  A false factual contention on an Exhibit D that credit counseling was obtained from an agency approved by

2

the United States Trustee, and the filing of a petition premised on that Exhibit D, obviously may be a violation of Rule 9011(b)(3) and thus a basis for imposing Rule 9011 sanctions. *See In re Pagaduan*, 429 B.R. 752, 760 (Bankr. D. Nev. 2010), *aff'd in part, vacated in part on other grounds*, 447 B.R. 614 (D. Nev. 2011).

It matters not that § 109(h) is not a jurisdictional statute, and that some decisions would view it permissible for a case remain filed without the debtor having obtained prepetition credit counseling from a credit counseling agency approved by the United States Trustee. Those decisions address a legal issue, and not the issue of whether the debtor had made an accurate representation on Exhibit D that the debtor "received a briefing from a credit counseling agency approved by the United States trustee." Those decisions provide no justification for an attorney's filing an Exhibit D on which the debtor makes a false **factual** representation.

My conclusion that there was a violation of Rule 9011(b) rests on finding a violation of Rule 9011(b)(3) based on the false **factual** representation on Exhibit D. It does not rest on finding an erroneous **legal** contention constituting a violation of Rule 9011(b)(2) (dealing with certifications that a document's "legal contentions . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or

3

reversal of existing law or the establishment of new law"). This is not a case like *Burns v. George Basilikas Trust*, 599 F.3d 673 (D.C. Cir. 2010), in which the issue addressed was whether filing a petition when credit counseling had not been obtained from a credit counseling agency approved by the United States Trustee violated Rule 9011(b)(2), and in which the court did not address Rule 9011(b)(3).  Filing a case based on a factually false Exhibit D to the petition when the debtor was ineligible to file the case by reason of § 109(h) subjects creditors to a case the debtor ought not have filed, and it is thus particularly important to impose sanctions under Rule 9011(c)(2) when the certification of § 109(h) eligibility upon which the filing rests does not pass the reasonable factual inquiry requirement of Rule 9011(b)(3).

III

Under Fed. R. Bankr. P. 9011(c)(2), any sanction for violation of Rule 9011 "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Requiring the debtor's attorney to make the debtor whole with respect to the filing fees the debtor has incurred in this case, and a disgorgement of fees, is the minimum sanction that will suffice to serve those purposes.  Accordingly, pursuant to Fed. R. Bankr. P. 9011(c)(2), I will direct the debtor's counsel to pay the balance of the filing fee that

remains unpaid, to reimburse the debtor for the part of the filing fee the debtor paid, and to disgorge the $1,000 in fees received.

IV

A disgorgement of fees is also warranted, in the alternative, pursuant to 11 U.S.C. § 329(b)(2), and the order directing the debtor's attorney to disgorge the $1,000 in attorney's fees she received from the debtor will rest on that alternative basis as well.  The trustee based her motion alternatively on § 329(b)(2).  Because the debtor was unable to file an Exhibit D (certifying that she "received a briefing from a credit counseling agency approved by the United States trustee") without violating Rule 9011(b)(3), that should have alerted the debtor's counsel that the debtor had not met the § 109(h) eligibility requirements for filing a case as a matter of law, and the debtor's counsel ought not have filed the case. When a debtor has not complied with 11 U.S.C. § 109(h), the chapter 13 trustee invariably seeks dismissal at the outset of the case, and I grant those motions.  Indeed, as reflected by numerous decisions I have issued, I myself raise the issue at the outset of a case when it  appears that the debtor has not complied with § 109(h), and if the debtor has not complied with § 109(h), I dismiss the case. *See*, *e.g.*, *In re Koo*, No. 12-00121, 2012 WL 692578 (Bankr. D.D.C. Mar. 2, 2012).

5

Accordingly, the debtor's counsel was wasting the debtor's money by filing this case.  In any event, she took no steps to prevent the dismissal of the case on other grounds,[1] and likewise failed timely to address numerous notices (listed in the trustee's motion) that the Clerk had issued advising her of numerous other filing deficiencies.  To obtain bankruptcy relief, the debtor will have to commence a new case.  Indeed, in a new case the debtor will have the added burden of seeking relief under 11 U.S.C. § 362(c)(3) if she is to keep the automatic stay in place.  Accordingly, the services provided to the debtor in this case had no value.  Disgorgement of fees pursuant to 11 U.S.C. § 329(b)(2) is thus appropriate.

An order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.

---

[1]  On June 30, 2015, the court issued an order (Dkt. No. 12) listing in detail deficiencies of the petition, directing the debtor to file an amended petition by July 7, 2015, and warning that the petition may be stricken if not timely amended. When the debtor failed to correct the deficiencies, the court entered its *Order Striking Petition and Dismissing Case* on July 17, 2015.